Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-10-00874-CV

**IN RE** James **LEGATE**

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 10-05-00081-CVK
Honorable Ron G. Carr, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 12, 2011

AFFIRMED

James Legate, an inmate, appeals the trial court's dismissal of his petition to take presuit

depositions of the following employees of the Institutional Division of the Texas Department of

Criminal Justice: (1) Sgt. Billy Carr, John B. Connally Unit, Extortion Department, (2) Dann M.

Mayfield, John B. Connally Unit, Grievance Department; and (3) Cindy Sigsbe, Texas

Department of Criminal Justice, Access to Courts Department.[1] Under Texas Rule of Civil

---

[1] In his petition, Legate lists the following people he expects to have an interest adverse to his anticipated suit: (1) Kimberly A. Nunez, John B. Connally Unit, Property Officer; (2) Sylvia L. Petersen, John B. Connally Unit, Law Library Supervisor; (3) Cindy M. Mendoza, John B. Connally Unit, Disciplinary Counsel Substitute; (4) Maria D. Ramirez, John B. Connally Unit, Major, (5) Darren B. Wallace, John B. Connally Unit, Major; (6) Carol E. Monroe, John B. Connally Unit, Assistant Warden; and (7) Jeffrey Marton, John B. Connally Unit, Senior Warden. We note that we have jurisdiction over the trial court's order because Legate has sought to take presuit depositions from persons against whom he does not anticipate filing suit. According to the Texas Supreme Court, "[p]resuit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated; when sought from an anticipated defendant (as here), such orders have been considered ancillary to the subsequent suit, and thus

Procedure 202.1, a person may petition a court for an order authorizing the taking of a presuit deposition "(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit." TEX. R. CIV. P. 202.1. The petition must

(a) be verified;

(b) be filed in a proper court of any county:

(1) where venue of the anticipated suit may lie, if suit is anticipated; or

(2) where the witness resides, if no suit is yet anticipated;

(c) be in the name of the petitioner;

(d) state either:

(1) that the petitioner anticipates the institution of a suit in which the petitioner may be a party; or

(2) that the petitioner seeks to investigate a potential claim by or against petitioner;

(e) state the subject matter of the anticipated action, if any, and the petitioner's interest therein;

(f) if suit is anticipated, either:

(1) state the names of the persons petitioner expects to have interests adverse to petitioner's in the anticipated suit, and the addresses and telephone numbers for such persons; or

(2) state that the names, addresses, and telephone numbers of persons petitioner expects to have interests adverse to petitioner's in the anticipated suit cannot be ascertained through diligent inquiry, and describe those persons;

---

neither final nor appealable." *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) (emphasis in original).

(g) state the names, addresses, and telephone numbers of the persons to be deposed, the substance of the testimony that the petitioner expects to elicit from each, and the petitioner's reasons for desiring to obtain the testimony of each; and

(h) request an order authorizing the petitioner to take the depositions of the persons named in the petition.

TEX. R. CIV. P. 202.2

A "court must order a deposition to be taken if, but only if, it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice *in an anticipated suit*; or (2) the likely benefit of allowing the petitioner to take the requested deposition *to investigate a potential claim* outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4(a) (emphasis added). Thus, under subsection (a)(1) of Rule 202.4, if the petitioner requests a deposition to obtain testimony for use *in an anticipated suit*, the trial court must find that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice. *In re Denton*, 10-08-00255-CV, 2009 WL 471524, at *2 (Tex. App.—Waco 2009, orig. proceeding). However, if the petitioner requests a deposition *to investigate a potential claim*, under subsection (a)(2), the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *Id.*

Here, although Legate claims that he needs to *investigate* whether he has a viable claim, which would fall under subsection (a)(2) of Rule 202.4, he nevertheless argued in the trial court and continues to argue on appeal that the trial court should have made a finding under subsection (a)(1). That is, he argues that the trial court erred in not finding that allowing him to take the requested depositions would prevent a failure or delay of justice in his anticipated suit.

Because Legate sought the presuit deposition for use in an anticipated suit under subsection (a)(1), he had the burden to show that allowing him to take the requested deposition "may prevent a failure or delay of justice" in his anticipated suit. *In re Contractor Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at \*4-\*5 (Tex. App.—Tyler 2009, orig. proceeding). If a petitioner does not make the showing required by Rule 202.4, a trial court abuses its discretion by ordering a presuit deposition. *Id.* at \*5. At the hearing, Legate offered no evidence or otherwise made a showing that the trial court ordering the presuit depositions would prevent a failure or delay of justice in his anticipated suit. He merely argued that not ordering the depositions would result in delay. He did not show how such a delay would prevent or delay justice. *See In re Johnston*, No. 06-10-00095-CV, 2010 WL 3930603, at \*3 (Tex. App.—Texarkana 2010, orig. proceeding) (noting that the expiration of the statute of limitations running was not sufficient to show that ordering the presuit deposition would "prevent a failure or delay of justice" because the petitioner had known about the potential defendant's utterances since shortly after they were made and had not actively pursued the available relief to resolution until less than two months before the expiration of the statute of limitations; thus any "emergency" was of the petitioner's own making). Therefore, the trial court did not err in failing to make a finding under subsection (a)(1).

Legate also argues that the trial court erred in allowing the Assistant Attorney General to "amend the caption of his petition" to indicate that he is a "plaintiff" instead of a "petitioner" under Rule 202. In reviewing the record, it appears that Legate is referring to the amicus curiae advisory filed by the Attorney General, which states in the caption of the document "In re: Legate, James, TDCJ-CID #888549, Plaintiff." Nowhere in the record, however, does it reflect that the trial court ordered the caption on Legate's petition to be amended. Indeed, at the hearing,

the trial court told Legate that the Assistant Attorney General "amending" the caption "was of no concern" "because your pleadings speak for themselves." According to the trial court, "what [the Assistant Attorney General] calls [your pleadings] – it doesn't make any difference to me." We agree.

We therefore affirm the judgment.[2]

Karen Angelini, Justice

---

[2] Having determined that the trial court did not err under Rule 202, we need not reach Legate's other issue.